# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LONNA JO MAYO, | ) |
| | ) |
|        Plaintiff, | ) |
| v. | )    Case No. CIV-18-313-RAW-SPS |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
|        Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Lonna Jo Mayo requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age,

---

[1] On June 4, 2019, Andrew M. Saul became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this action.

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-six years old at the time of the most recent administrative hearing (Tr. 52, 338). She has a high school education and has worked as a certified nurse's assistant and housekeeper (Tr. 61, 72). The claimant alleges that she has been unable to work since an amended onset date of February 12, 2015, due to spinal problems, diabetes, high blood pressure, depression, chronic obstructive pulmonary disease ("COPD"), and arthritis (Tr. 370, 389).

## Procedural History

In February 2015, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 337-44). Her application was denied. ALJ James Bentley conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated December 29, 2015 (Tr. 155-71). The Appeals Council remanded the case on February 3, 2017 (Tr. 181). On remand, ALJ Doug Gabbard, II conducted an administrative hearing and determined the claimant was not disabled in a written opinion dated October 13, 2017 (Tr. 10-27). The claimant did not file written exceptions to the Appeals Council challenging the ALJ's October 2017 decision and the Appeals Council did not assume jurisdiction, so the ALJ's

October 2017 decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1484(d).

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant could perform sedentary work as defined in 20 C.F.R. § 416.967(a) with occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, but never climbing ladders, ropes, or scaffolds (Tr. 17). Due to psychologically-based factors, the ALJ found the claimant could perform unskilled work which is simple, repetitive, and routine, and where tasks are learned and performed by route with few variables and little judgment required; her supervision must be simple, direct, and concrete; interpersonal contact with supervisors and co-workers must be incidental to the work performed, *e. g.,* assembly work; she should have no substantial workplace changes; and she should have no contact with the general public (Tr. 17). The ALJ then concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work she could perform in the national economy, *e. g.,* document preparer, touch-up screener, and semiconductor bonder (Tr. 24-27).

## Review

The claimant's sole contention of error is that the ALJ failed to identify jobs she could perform in light of the assigned RFC. The undersigned Magistrate Judge finds this contention unpersuasive for the following reasons.

The ALJ found the claimant's lumbar spine and cervical spine degenerative disc disease, fibromyalgia, major depressive disorder, and anxiety disorder were severe

impairments, but that her diabetes, diabetic neuropathy, benign hypertension, hypertriglyceridemia, impingement syndrome of the shoulders, COPD, plantar fasciitis fibromatosis, right lateral epicondylitis, restless leg syndrome, and insomnia were non-severe (Tr. 13-15).  The medical evidence as to the claimant's mental impairments reveals that Dr. Douglas Brown treated her for moderate major depressive disorder from September 2016 through April 2017, his last treatment note in the record (Tr. 1476-1525, 1605-13).

On June 9, 2017, Larry Vaught, Ph.D. completed a consultative mental status examination (Tr. 1691-93).  Dr. Vaught observed that the claimant was tearful at times when discussing her inability to work and chronic pain, but that overall her affect was appropriate (Tr. 1693).  He indicated the claimant was mildly slowed in the areas of concentration, persistence, and pace, and that her digit repetition and short-term memory were mildly impaired (Tr. 1693).  Dr. Vaught also indicated that the claimant's abstraction and basic judgment were intact and that her calculation was mostly intact (Tr. 1693).  He diagnosed the claimant with major depressive disorder (severe) and unspecified anxiety disorder (Tr. 1693).  The same day, Dr. Vaught also completed a form titled "Medical Source Statement of Ability to do Work-Related Activities (Mental)" (Tr. 1688-89).  He opined that the claimant was markedly impaired in her ability to interact appropriately with the public and to respond appropriately to usual work situations; moderately impaired in her ability to understand, remember, and carry out complex instructions and to interact appropriately with supervisors and co-workers;  and mildly impaired in her ability to

understand, remember, and carry out simple instructions and to make judgments on simple and complex work-related decisions (Tr. 1688-89).

At the administrative hearing, the claimant testified that she needs reminders from her daughters to take her medication and that she does not go anywhere except the doctor's office because she does not like being around "a bunch of people." (Tr. 68-69). She also stated that she was taking three medications for depression but did not attend counseling (Tr. 82). Additionally, the ALJ elicited testimony from a VE to determine if there were jobs a hypothetical person could perform with various limitations. (Tr. 73-77). The ALJ posited five hypothetical questions to the VE, including one with the following limitations:

> Assume we have a second hypothetical person the same age, education and work experience as Ms. Mayo [w]ho can perform only sedentary work with occasional climbing of ropes and stairs, no climbing of ladders, ropes or scaffolds, occasional balancing, stooping, kneeling, crouching and crawling. [S]he is also limited to unskilled work, which is simple, repetitive and routine and where the tasks are learned and performed by [route] with few variables and little [judgment] required. Her supervision must be simple, direct, concrete. Interpersonal contact with supervisors and coworkers must be incidental to the work performed, such as assembly work. She should have no substantial workplace changes and she should have no contact with the general public.

(Tr. 74-75). The VE testified that such a person could not perform the claimant's past relevant work, but could perform the jobs of document preparer, DICOT § 249.587-018, touch-up screener, DICOT § 726.684-110, and semiconductor bonder, DICOT § 726.685-066 (Tr. 74-75). The ALJ determined that the claimant's RFC included the limitations from the hypothetical posed to the VE set forth above and he adopted the VE's testimony that

-6-

the claimant could perform the jobs of document preparer, touch up screener, and semiconductor bonder (Tr. 17, 25).

The claimant asserts that the ALJ erred in identifying jobs she could perform because there was a conflict between the VE's testimony and the DOT. Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified." 2000 WL 1898704, at *4 (Dec. 4, 2000). The claimant specifically contends that there is a conflict with regard to the reasoning levels of each of the jobs identified. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

The document preparer job has a reasoning level of three, which is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DICOT § 249.587-018. The reasoning levels for jobs in the DOT best identify the level of simplicity (or, conversely, complexity) associated with the job. *See Cooper v. Barnhart*, 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004) ("The reasoning level, as identified by Plaintiff, appears more similar to

whether or not a claimant has a limitation to performing only simple tasks.") [citations omitted]. As to this job, the undersigned Magistrate Judge agrees that there is a conflict the ALJ failed to identify. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that a limitation to "simple and routine work tasks" is "inconsistent with the demands of level-three reasoning.").

The remaining touch-up screener job and semiconductor bonder job have a reasoning level of two, which requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." DICOT §§ 726.684-110, 726.685-066. The claimant asserts that this reasoning level is likewise incompatible with simple work. The undersigned Magistrate Judge finds, however, that a reasoning level of two *is consistent* with performing simple tasks, although a reasoning level of three is not, and that other courts have reached the same conclusion. *See Hackett*, 395 F.3d at 1176 ("This level-two reasoning appears more consistent with Plaintiff's RFC [limiting her to simple and routine work tasks.]"); *Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) ("Ms. Stokes' second argument is that the ALJ's limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning-level rating of one. We disagree."). S*ee also Couch v. Berryhill*, 2017 WL 1194344, at *4 (E.D. Okla. March 13, 2017) ("In accordance with the court's findings in *Hackett*, a restriction to simple work is consistent with this reasoning level [of 2]."); *Goleman v. Colvin*, 2016 WL 3556958, at *4 (W.D. Okla. May 6, 2016) (where RFC limited claimant to "simple, routine, repetitive instructions," [t]he ALJ properly relied on the jobs identified

by the VE with a reasoning level of two."). The undersigned Magistrate Judge thus finds that the identification of the document preparer job is harmless error because there are still two jobs that have been identified that do not pose a conflict.[3] *See Stokes*, 274 Fed. Appx. at 684 (finding that any error on whether claimant could perform jobs was harmless error since there were still two jobs claimant could perform). Accordingly, the decision of the Commissioner should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 26th day of February, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The VE testified that there were 45,000 touch-up screener jobs and 30,000 semiconductor bonder jobs in the national economy and the undersigned Magistrate Judge finds this amount constitutes a significant number (Tr. 74). *See Fox v. Colvin*, 2015 WL 5178414, at *4 (W.D. Okla. Sept. 3, 2015) ("The *Rogers [v. Astrue,* 312 Fed. Appx. 138, 142 (10th Cir. 2009)] decision came out the same year as *Raymond [v. Astrue,* 621 F.3d 1269, 1330 (10th Cir. 2009], and that court implicitly found, as a matter of law, without engaging in a multi-factor analysis, that 11,000 jobs in the national economy is significant. The Court is persuaded by *Rogers* and finds that 32,000 utility tractor jobs in the national economy is also significant."). In any event, the claimant does not allege that the touch-up screener and semiconductor bonder jobs do not exist in significant numbers.